**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ANDREW STURDIVANT, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.                              Case No. 5:16-cv-614-ORL-34PRL

PELLA CORPORATION,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff Andrew Sturdivant (Sturdivant), as representative of a putative class, initiated the instant action on October 12, 2016, by filing his three-count Complaint (Doc. No. 1; Complaint) against Defendant Pella Corporation (Pella). Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332 . . . ." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Complaint, Sturdivant asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because "Plaintiff (Florida citizen) and Defendant (Iowa citizen) are diverse and there are more than 100 class members in many different states and the aggregate amount in controversy exceeds $5 million." See Complaint ¶ 5. Sturdivant further alleges that he is "a resident of Tavares, Florida." See id. ¶ 7.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Additionally, the aggregate amount in controversy must exceed $5 million. See id.; see also S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) ("CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members.")

To establish diversity jurisdiction in an action involving a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Conversely, a corporation's citizenship is determined by its state[s] of incorporation and principal place[s] of business. See 28 U.S.C. § 1332(c)(1); see also

Rolling Greens MPH, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 n.1 (11th Cir. 2004).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Sturdivant's allegations. With regards to Sturdivant's citizenship, the Complaint discloses only his residence. Thus, he has not alleged the facts necessary to determine his citizenship. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). The allegations regarding Pella's citizenship are similarly deficient. Sturdivant has failed to plead both its state of incorporation and principal place of business. See Camper & Nicholson Int'l, Ltd. v. Blonder Marine & Charter, Inc., 793 F. Supp. 318, 319 (S.D. Fla. 1992) (noting that "a plaintiff who fails to allege the principal place of business of a corporation has failed to sufficiently allege the corporation's citizenship."). As such, the Court lacks the information necessary to determine whether it has subject matter jurisdiction over this action.

Upon further review, the Court also finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg

Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts II and III of the Complaint "adopt[] and incorporate[] by reference all prior paragraphs of this Complaint," including all of the allegations set forth in Count I. See Complaint ¶¶ 42, 51.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court

ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Sturdivant an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[1] and corrects the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. No. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint curing the shotgun nature of the Complaint and curing the jurisdictional deficiencies on or before **November 18, 2016**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida on this 24th day of October, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc24

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Copies:
Counsel of Record