# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

| | |
|---|---|
| ANDREW STURDIVANT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PELLA CORPORATION,<br><br>Defendant. | Civil Action No. 5:16-cv-00614-MMH-PRL |

## STIPULATED PROTECTIVE ORDER

THIS MATTER is before the Court on the joint motion of the Parties for entry of a Stipulated Protective Order governing the protection of confidential documents and information in this action. The Court, having reviewed the Parties' joint motion and for good cause shown, orders as follows:

1. For purposes of this Stipulated Protective Order, "Confidential Documents" shall include any documents that a Party and its counsel ("Designating Party" or "Producing Party") designate as confidential based upon a good faith belief that the designation is appropriate because the document contains proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Confidential Documents may include information of whatever kind, including, but not limited to, written information

or information otherwise recorded on any medium including, without limitation, paper, photographs, recordings, and electronic, optical, or magnetic disks or files.

2. For purposes of this Confidentiality Order, "Confidential Information" shall include any information voluntarily produced in this litigation, provided in response to a written discovery request, or provided in response to a deposition question that a Party and its counsel designate as confidential based upon a good faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the nonpublic, sensitive, personal, or private nature of the information.

3. The following procedures shall apply to the designation of Confidential Documents or Confidential Information:

    a. Any document, material or information produced in response to any discovery request directed at a Party may be denominated as "Confidential" by that Party or Party's counsel by writing or stamping "CONFIDENTIAL" in the document's bates stamped endorsement.

    b. During any deposition, the deponent or counsel for a deponent or Party or counsel for a Party may designate that the testimony being provided in response to the deposition question contains Confidential Information, as defined herein in paragraph 2, by stating on the record that the information is Confidential Information subject to the protections set forth in this Stipulated Protective Order. In addition, a deponent or counsel for a deponent or Party or counsel for a Party may designate additional Confidential Information, as defined herein in paragraph 2, by indicating to

all Parties, in writing, thirty (30) days following receipt of a deposition transcript, the specific line numbers and page numbers of the transcript that contain Confidential Information subject to the protections set forth in this Stipulated Protective Order.

4. If any Party receiving Confidential Documents and/or Confidential Information ("Receiving Party") believes that such documents and/or information are not entitled to the protections set forth in this Stipulated Protective Order, the Receiving Party shall indicate to the Producing Party, in writing, the specific documents and/or information that the Receiving Party believes fall outside the protections set forth in this Stipulated Protective Order ("Identified Documents and/or Information") and state in writing the rationale for the removal of such Identified Documents and/or Information from the protections set forth in this Stipulated Protective Order. Such a challenge may be raised at any time.

5. If the Producing Party objects, in writing, to the Receiving Party's written notice that the Identified Documents and/or Information fall outside of the protections set forth in this Stipulated Protective Order, the confidentiality provided by this Stipulated Protective Order shall remain in effect unless otherwise ordered by the Court. Such objection shall be made within 3 weeks of receiving such written notice, or the claim of confidentiality shall be waived. The Receiving Party shall have the burden of moving the Court for an order specifically excluding the Identified Documents and/or Information from the scope of the Stipulated Protective Order, however, the burden of establishing the propriety of any claim of confidentiality shall remain with the Party seeking protection.

6.      The Parties agree that Confidential Documents and/or Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties (as well as those attorneys' staff, associates, and employees), witnesses, consultants, or expert witnesses specially retained or specially employed for purposes of the Action.  To the extent any Confidential Documents and/or Confidential Information are provided to any Party's witnesses or expert witnesses, each witness, or expert witness shall:  (a)  agree in writing, in the form attached to this Stipulated Protective Order as Exhibit A, prior to receiving any Confidential Documents and/or Confidential Information that he or she shall be bound by the terms of this Stipulated Protective Order, and (b) shall return all Confidential Documents and/or Confidential Information to the Producing Party upon conclusion of the Action.  Nothing in this Stipulated Protective Order prevents any Party from disclosing Confidential Documents and/or Confidential Information at trial to the Court or jury empanelled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of Confidential Documents and/or Confidential Information at trial.

7.      The Parties and all persons subject to the provisions of this Stipulated Protective Order agree to use Confidential Documents and/or Confidential Information solely and exclusively for purposes of preparing for, conducting, and/or participation in the Action, and not for any other litigation, except for this Action, and not for any other business purpose, personal purpose, or other purpose whatsoever.

8. The Parties' agreement to produce and receive Confidential Documents and/or Confidential Information pursuant to this Stipulated Protective Order shall not be deemed an agreement that such documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information, and/or (2) are relevant to any matter at issue in the Action.  Each Party reserves the right to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Confidential Documents and/or Confidential Information either in discovery or at trial of the Action.

9. The Parties agree that no copies of Confidential Documents and/or Confidential Information produced by any Party will be made except as necessary for the purposes of this Action.  If it becomes necessary to include information obtained from Confidential Documents and/or Confidential Information or use Confidential Documents and/or Confidential Information in any court filing, then any such filing shall be made in accordance with Section 10, below.

10. If a Party wishes to file in the public record Confidential Documents and/or Confidential Information, the Party must advise the Designating Party in advance of the filing so that the Parties may meet and confer regarding the need to file the Confidential Documents and/or Confidential Information under seal.   If the Parties agree that the Confidential Documents and/or Confidential Information do not need to be filed under seal, such documents may be filed publically.  If either Party requests that the proposed documents or information be filed under seal, then the Designating Party must move the Court for permission to file the document or information under

seal, consistent with Local Rule 1.09, within three business days after meeting and conferring with the Receiving Party. Should the associated public filing be required to occur prior to the filing of, or a ruling on, the motion to seal, the filing Party shall not include the Confidential Documents and/or Confidential Information but may (a) insert a statement that such documents are the subject of a pending or forthcoming motion to seal and/or (b) redact Confidential Information pending the outcome of the motion.

11. None of the provisions of this Protective Order shall apply to Confidential Documents and/or Confidential Information to the extent that the designated Documents/Information were or are:

(a) available to the public through no unauthorized act, or failure to act, by a Receiving Party or that Party's counsel or their representatives, consultants, or experts;

(b) obtained by a Receiving Party prior to their production in this case, or shown at any time to have been independently discovered by a Receiving Party;

(c) obtained by a Receiving Party from a third party having the right to disclose the same; or

(d) produced, disclosed, and/or otherwise provided by the Producing Party without obligation of confidentiality, except if such production, disclosure, or provision was done inadvertently or by mistake.

12. Upon the conclusion of the Action, all Confidential Documents and/or Confidential Information, and all copies, extracts, summaries, facsimiles thereof, electronically, optically or magnetically stored information of any kind including,

without limitation, diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents"), shall be destroyed or deleted, uninstalled, or otherwise removed from each such computer, diskette, compact disk, computer file, and any other storage media. Additionally, a sworn affidavit attesting to the destruction and/or electronic file deletion and indicating that no electronic information has been retained shall be executed by each Party and by counsel for each Party and delivered to all Parties within 120 days after the conclusion of the Action.

13. The Parties agree that nothing herein is intended to alter or diminish protections of the attorney-client privilege or the work-product doctrine. This Stipulated Protective Order does not resolve any issue or dispute among the parties about the discoverability or admissibility of any documents or other material.

14. In accordance with Fed. R. Evid. 502(b) and Fed. R. Civ. Pro. 26(b)(5)(B), inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity does not waive the privilege or immunity if the holder of the privilege or protection took reasonable steps to prevent the disclosure and a request for return of such documents or information is made promptly after the Producing Party learns of its inadvertent production. Any dispute regarding whether the producing party has properly asserted the privilege or protection will be brought to the Court, if the Parties are not able to resolve it themselves.

15. Because a violation of this Stipulated Protective Order by a Receiving Party could cause irreparable injury to the Producing Party, and there is no adequate

remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Receiving Party from any intentional violation of this Stipulated Protective Order.

16. This Stipulated Protective Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

17. Any individual or entity who becomes a party to this Action and who has not subscribed to this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulated Protective Order by having its counsel sign and date a copy thereof and filing same with the Court and serving such signed copy upon the other Parties to this Stipulated Protective Order.

18. Any documents produced by a non-party witness in discovery in this Action pursuant to subpoena or otherwise may be designated by such non-party or by any Party or counsel for any Party as "Confidential" under the terms of this Stipulated Protective Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the undersigned Parties hereto.

19. Any time limit contemplated by this Stipulated Protective Order may be extended by an agreement in writing, signed by counsel of record for each Party.

20. This Stipulated Protective Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing, signed by counsel of record for each Party and adopted by Order of this Court.

Any Party may apply to the Court for a modification of this Stipulated Protective Order.

STIPULATED TO BY:

| MORGAN & MORGAN COMPLEX LITIGATION GROUP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| */s/ John A. Yanchinus* <br> John A. Yanchunis (FL Bar No. 324681) <br> *jyanchunis@ForThePeople.com* <br> Patrick A. Barthle II (Fla. Bar No. 0099286) <br> *pbarthle@forthepeople.com* <br> 201 N. Franklin Street, 7th Floor <br> Tampa, Florida, 33602 <br> Telephone: (813) 223-5505 <br> Fax: (813) 222-4738 | *s/ Lee D. Wedekind, III* <br> Lee D. Wedekind, III <br> Florida Bar Number 670588 <br> 50 North Laura Street, Suite 4100 <br> Jacksonville, FL 32202 <br> (904) 665-3652 (direct) <br> (904) 665-3699 (facsimile) <br> lee.wedekind@nelsonmullins.com <br><br> *Trial Counsel* |

| | |
|---|---|
| MILBERG LLP | FAEGRE BAKER DANIELS LLP |
| /s/ *Andrei V. Rado*<br>Andrei V. Rado (Pro Hac Vice)<br>*arado@milberg.com*<br>Charles Slidders (Pro Hac Vice)<br><br>*Attorneys for Plaintiff* | s/*John P. Mandler*<br>John P. Mandler (*Pro Hac Vice*)<br>Shane A. Anderson (*Pro Hac Vice*)<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>(612) 766-1600 (facsimile)<br>john.mandler@faegrebd.com<br>shane.anderson@faegrebd.com<br><br>*Attorneys for Defendant Pella Corporation* |

**IT IS SO ORDERED** this  28  day of   April  , 2017.

_____
United States ~~District~~ Judge
                Magistrate